IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMONEO LEE,

  Petitioner,

v.              CASE NO. 20-3247-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,
et al.,

  Respondents.

## ORDER TO SHOW CAUSE

  This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

  Petitioner was convicted by a jury of first-degree murder and criminal possession of a firearm. *State v. Lee*, Case No. 96–CR–1375 (Sedgwick County District Court). Petitioner was sentenced in 1997 to a hard 40 sentence. Petitioner appealed and the Kansas Supreme Court affirmed on March 5, 1999. *State v. Lee*, 266 Kan. 804, 977 P.2d 263 (1999).

  Petitioner filed his first state habeas petition in Sedgwick County District Court (Case No. 00–CV–1206) on April 17, 2000, which remained pending until the Kansas Supreme Court denied review in 2001. *Lee v. State*, No. 86,058 (Kan. Ct. App. Oct. 12, 2001), *rev. denied* 272 Kan. 1418 (2001). Petitioner filed four additional state petitions or motions in Sedgwick County District Court: the second petition (Case No. 04–CV–2700) was filed on June 25, 2004, and the Kansas Court of Appeals affirmed on July 20, 2007 (Case No. 96,286); the first motion to correct illegal sentence (Case No. 96–CR–1375) was filed on July 28, 2008, and remained pending until

the Kansas Supreme Court affirmed on January 21, 2011 (*State v. Lee*, Case No. 101,638, 245 P.3d 1056 (Table), 2011 WL 433533); the second motion to correct illegal sentence was filed on August 11, 2014, and remained pending through April 29, 2016, when the Kansas Supreme Court reversed the district court's decision granting the motion (*State v. Lee*, 304 Kan. 416, 372 P.3d 415 (April 29, 2016); and the third petition (Case No. 16–CV–2009) was filed on September 1, 2016, and remained pending through February 28, 2019, when the Kansas Supreme Court denied review (*Lee v. State*, Case No. 117,813, 419 P.3d 81 (Table), 2018 WL 2271398 (Kan. Ct. App. May 18, 2018), *rev. denied* (Feb. 28, 2019)).

Petitioner filed the instant § 2254 petition in this Court on September 13, 2020. Petitioner alleges as Ground One that the Supreme Court's decision in *Alleyne* announced a new substantive rule of constitutional law, which must be applied retroactively to cases on collateral review. As Ground Two, Petitioner claims in the alternative that *Alleyne* announced a watershed rule of criminal procedure that must be applied retroactively to cases on collateral review under *Teague v. Lane*. Petitioner alleges that he raised the issues in Grounds One and Two in Case No. 16–CV–2009.

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari.  Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  The limitation period begins to run the day after a conviction becomes final.  *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

>   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's conviction and sentence were affirmed by the Kansas Supreme Court on March 5, 1999. Petitioner had ninety days from the date of the conclusion of direct appeal to seek certiorari. Where a prisoner declines to seek review in the Supreme Court, the limitation

period begins to run the day after the ninety-day period for seeking review in the Supreme Court expires. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).  Because Petitioner did not seek review in the Supreme Court, his time began to run on or about June 4, 1999, and ran until he filed his first state habeas action on April 17, 2000.  Thus, approximately 315 days ran prior to his first state habeas action, leaving 50 days remaining.  Even if any periods between his state petitions and motions are not counted, Petitioner's last petition ceased to be pending on February 28, 2019, when the Kansas Supreme Court denied review.  Petitioner did not file the instant federal petition until September 13, 2020, more than a year later.

Petitioner argues that *Alleyne* was not decided until 2013, and "[t]he one-year statute of limitations should be equitably tolled because the Petitioner is innocent of the Hard 40 sentence, as the statute under which the sentence was imposed was unconstitutionally void from its inception, and any sentence imposed under said statute is void ab initio." (Doc. 1, at 12.)

Petitioner made the same arguments in his state habeas petition.  The state district court denied Petitioner's state habeas petition in Case No. 16CV2009, based on the Kansas Supreme Court's decision in *Kirtdoll v. State*, No. 114,465 (Kan. May 12, 2017).  *Lee v. State*, Case No. 16CV2009 (Sedgwick County District Court, April 21, 2017).  The district court noted that the court in *Kirtdoll* held that the rule of law declared in *Alleyne* "cannot be applied retroactively to cases that were final when Alleyne was decided." *Id*.  The court then found that Petitioner's case was final when *Alleyne* was decided and "*Alleyne's* prospective-only change in the law cannot provide the exceptional circumstances that would justify a successive 60-1507 motion." *Id*.  The Kansas Court of Appeals affirmed the denial of Petitioner's state habeas petition. *Lee v. State*, No. 117,813, 419 P.3d 81(Table) (Kan. Ct. App. May 18, 2018).

Plaintiff's claims are based on his argument that the Kansas state courts improperly ruled that the Supreme Court's decision in *Alleyne* did not apply retroactively to provide Plaintiff with relief.  The Tenth Circuit has likewise held that *Alleyne* does not apply retroactively.  *See United States v. Stang*, 561 F. App'x 772, 773 (10th Cir. May 28, 2014) (unpublished) (stating that "[w]e have held that, although the Supreme Court in *Alleyne* did recognize a new rule of constitutional law, the Supreme Court did not hold that the new rule was retroactively applicable to cases on collateral review") (citing *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013)); *see also United States v. Rogers*, 599 F. App'x 850, 851 (10th Cir. April 17, 2015) (unpublished) (stating that "[b]ut *Alleyne* wasn't decided until after Mr. Roger's sentencing, we have held that *Alleyne* doesn't apply retroactively on collateral review").

The *Rooker-Feldman* doctrine establishes that a federal district court lacks jurisdiction to review a final state court judgment because only the Supreme Court has jurisdiction to hear appeals from final state court judgments.  *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).  The doctrine prevents a party who lost in state court proceedings from pursuing "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling.  The Court will direct him to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **December 16, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States

6

District Judge, why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED**.

**Dated November 16, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**