## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AMONEO LEE,

     Petitioner,

     v.                                              CASE NO. 20-3247-SAC

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,
et al.,

     Respondents.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court entered an Order to Show Cause (Doc. 3) ("OSC"), directing Petitioner to show good cause why his Petition should not be dismissed for failure to commence this action within the one-year limitation period.  This matter is before the Court on Petitioner's Response (Doc. 4).

Petitioner filed the instant § 2254 petition in this Court on September 13, 2020. Petitioner alleges as Ground One that the Supreme Court's decision in *Alleyne* announced a new substantive rule of constitutional law, which must be applied retroactively to cases on collateral review.  As Ground Two, Petitioner claims in the alternative that *Alleyne* announced a watershed rule of criminal procedure that must be applied retroactively to cases on collateral review under *Teague v. Lane*.  Petitioner alleges that he raised the issues in Grounds One and Two in Case No. 16–CV–2009.

The Court's OSC set forth the procedural background and found that the Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling.  Petitioner acknowledges in his Response that the one-year statute of limitations expired before the filing of his Petition, and that there is no statutory basis for tolling.  (Doc. 4, at

2.)  However, he argues that the limitation period should be equitably tolled based on his actual innocence.  *Id.*

The Court noted in the OSC that the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted).  Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner argues in his Petition that *United States v. Alleyne*, 570 U.S. 99 (2013), was not decided until 2013, and "[t]he one-year statute of limitations should be equitably tolled because the Petitioner is innocent of the Hard 40 sentence, as the statute under which the sentence was imposed was unconstitutionally void from its inception, and any sentence imposed under said statute is void ab initio."  (Doc. 1, at 12.)  Likewise, in his Response he argues that "actual innocence" claims are not limited to assertions of factual innocence; rather "actual innocence" can be asserted through a claim that the petitioner is actually innocent of the underlying sentence. (Doc. 4, at 2.)

The Tenth Circuit has rejected similar arguments.  In *Jones v. Martin*, the Tenth Circuit held that the equitable exception for a "fundamental miscarriage of justice" applies only when "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *Jones v. Martin*, 622 F. App'x 738, 739 (10th Cir. 2015) (unpublished)

(citations omitted).  The Tenth Circuit found that the petitioner could not meet this standard because he did not "assert actual innocence of the crimes for which he was convicted" and instead asked the court to expand the exception, "arguing he is innocent of his *sentence*."  *Id*. at 739–40 (emphasis in original).  The Tenth Circuit noted that the court has held that a "person cannot be actually innocent of a noncapital sentence."  *Id*. at 740 (citing *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993) (concluding that petitioner's claim of actual innocence did not satisfy fundamental-miscarriage-of-justice exception to procedural bar because he sought only a shorter sentence and did not claim innocence of the offense); *accord United States v. Denny*, 694 F.3d 1185, 1190–91 (10th Cir. 2012); *see also Sawyer v. Whitley*, 505 U.S. 333, 341–42 (1992) (explaining that "[i]n the context of a noncapital case, the concept of 'actual innocence' is easy to grasp"—it means "the State has convicted the wrong person of the crime.")).

Petitioner attempts to distinguish this case by arguing that under *Alleyne* "the aggravating circumstances under the Kansas Hard 40 statute are elements of a new and aggravated crime, i.e. the core crime of premeditated murder plus one or more aggravating circumstances that must be found by a jury beyond a reasonable doubt."  (Doc. 4, at 4.)  However, arguments relying on *Alleyne*  to show actual innocence or to provide equitable tolling have likewise been rejected.

The Tenth Circuit has noted that *Alleyne* allocates decision-making authority between the judge and jury and "the Court has repeatedly held '[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules.'"  *United States v. Salazar*, 784 F. App'x 579, 583 (10th Cir. 2019) (unpublished) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).  In *Salazar*, the petitioner argued his sentence was illegal and that he was actually innocent of any sentence above his statutory maximum.  *Salazar*, 784 F. App'x at 585.  The Tenth Circuit held

that no reasonable jurist could debate the district court's rejection of this claim "because Salazar's contentions only challenged the 'legal sufficiency of his sentence and d[id] not demonstrate that he is innocent of the underlying offense.'" *Id*. (citation omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id*. (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see also United States v. Olvera*, 775 F.3d 726, 731 (10th Cir. 2015) (finding that *Alleyne* extended *Apprendi* and that neither were within the "watershed" exception because "the accuracy improved by *Apprendi* is in the imposition of a proper sentence rather than the determination of guilt or innocence"); *see also McCoy v. Maye*, No. 14-3104-RDR, 2015 WL 413642, at *3 (D. Kan. Jan. 30, 2015) ("Petitioner's allegations that he was sentenced under a statute that did not apply to him and that *Alleyne* entitles him to relief are legal arguments that do not qualify him for the 'actual innocence exception'".).

The Tenth Circuit has rejected arguments that the Supreme Court's decision in *Alleyne* "restarts the clock" to render a petition timely. *United States v. Hopson*, 589 F. App'x 417 (10th Cir. 2015) (unpublished). The Tenth Circuit found that the decision in *Alleyne* did "not constitute an extraordinary circumstance that merits equitable tolling." *Id*. at 418 (citing *United State v. Tenderholt*, No. 14-8051, 587 F. App'x 505, 2014 WL 7146025, at *2 (10th Cir. Dec. 16, 2014) (unpublished) (rejecting equitable tolling argument premised on *Descamps*); *Clark v. Bruce*, 159 F. App'x 853, 856 (10th Cir. 2005) (unpublished) (rejecting equitable tolling argument where Supreme Court decisions at issue were not made retroactively applicable)).

Petitioner cites *McQuiggin v. Perkins*, for the proposition that the miscarriage of justice exception survived the AEDPA's passage, and states that the petitioner in *McQuiggin* "asserted a claim of factual innocence as a gateway through which he could assert defaulted constitutional claims, such as ineffective assistance of counsel." (Doc. 4, at 2.) However, Petitioner does not

merely argue that *Alleyne* is the gateway for him to assert his claims, his claims are also based on *Alleyne*. Thus, even if he could successfully argue for equitable tolling, his underlying claims based on *Alleyne* would need retroactive application to survive.

Petitioner cannot rely on a retroactive application of the decision in *Alleyne*. The Tenth Circuit has held that *Alleyne* does not apply retroactively. *See Salazar*, 784 F. App'x at 584 (stating that "[n]o court has ever recognized *Alleyne* as retroactive") (citing *United State v. Hoon*, 762 F.3d 1172, 1173 (10thCir. 2014)); *United States v. Stang*, 561 F. App'x 772, 773 (10th Cir. May 28, 2014) (unpublished) (stating that "[w]e have held that, although the Supreme Court in *Alleyne* did recognize a new rule of constitutional law, the Supreme Court did not hold that the new rule was retroactively applicable to cases on collateral review") (citing *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013)); *see also United States v. Rogers*, 599 F. App'x 850, 851 (10th Cir. April 17, 2015) (unpublished) (stating "[b]ut *Alleyne* wasn't decided until after Mr. Roger's sentencing, we have held that *Alleyne* doesn't apply retroactively on collateral review").

Petitioner has failed to show good cause why the Petition should not be dismissed. Therefore, the Petition is dismissed for the reasons set forth herein and in the OSC.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** the Petition is dismissed as barred by the statute of limitations.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

**IT IS SO ORDERED**.

**Dated May 7, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**